## ROGERS *v.* TOLIVER.

In an action against an individual for causing the plaintiff to be taken into custody on a charge of felony, evidence affording reasonable and probable cause of suspicion of the defendant's guilt is admissible in mitigation of damages.

JANUARY 18, 1913.

Action for damages. Before J. J. Northcutt, judge pro hac vice. Cobb superior court. August 28, 1911.

*A. N. Edwards* and *Mozley & Moss,* for plaintiff in error.

*William Attaway* and *Gober & Griffin,* contra.

EVANS, P. J. The action is for false imprisonment. The defendant was a widower, whose household consisted of himself, three sons, and a daughter about seventeen years of age. One night the defendant and his two older boys, returning home from their place of business, upon reaching their home, observed some one run off from the rear of the house. The defendant applied to the marshal of the town to arrest the plaintiff, stating that he had seduced the defendant's daughter, and that he was apprehensive he would run away. The marshal arrested the plaintiff and put him in the town calaboose, informing him that he was arrested on the charge of seduction. The next morning he was transferred to the county jail, where he was kept the remainder of the day, when he was discharged. Immediately after his discharge the plaintiff was married to the defendant's daughter. No warrant was issued for the plaintiff's arrest, and it appeared from the testimony of the marshal that the plaintiff in his presence requested the defendant not to swear out a warrant against him, and there was no justice of the peace in town at that hour in the morning. The plaintiff was about seventeen years old.

On the trial the defendant offered to prove that on reaching his home that night he and his sons who were with him were informed by his small son that the fleeing man was the plaintiff, and by his daughter that she had been seduced by the plaintiff. The court repelled the testimony. Evidence of reasonable suspicion of felony may be given in mitigation of damages in an action of false imprisonment. Chuin *v.* Morris, 2 C. & P. 361; Cowles *v.* Dunbar, 2 C. & P. 565; Perkins *v.* Vaughan, 9 Jur. 1114. The case last cited was an action against a private individual for giving the plaintiff into custody on a charge of forgery. On the trial the

defendant was allowed to prove that when he presented a bill of exchange, which he had received from the plaintiff in payment of a debt, to the acceptor, the latter denounced the acceptance as a forgery. This evidence was held to be admissible; Tindall, C. J., observing "that what was said by [the acceptor] was part of the res gestæ, and may properly be received in mitigation of damages under the issue of not guilty." The rule of the English courts seems to be sound, and has been followed by several American jurisdictions, and by our own court. *Mitchell* v. *Malone, 77 Ga.* 301; 19 Cyc. 370; Reuck v. McGregor, 32 N. J. L. 70. Under the evidence we think the withholding of this testimony was prejudicial to the defendant. He should have been permitted to prove that he was not acting maliciously and without probable cause, in that he had information that the defendant had seduced his daughter; and whether or not this circumstance was reasonable and probable cause of suspicion was a question for the jury, to be considered in mitigation of damages.

<div align="center">

*Judgment reversed. All the Justices concur.*